CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG - 9 2012

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **RONNIE L. BRYANT,** | ) | **Civil Action No. 7:12-cv-00335** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **N.A. HINNANT, et al.,** | ) | **By:  Hon. Jackson L. Kiser** |
| **Defendants.** | ) | **Senior United States District Judge** |

Ronnie L. Bryant, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants N. A. Hinnant, a Captain at the Coffeewood Correctional Center ("CCC"); B. J. Settle, a CCC Lieutenant; John Doe, a CCC Sergeant; and John and Jane Doe, CCC Correctional Officers. Plaintiff generally alleges that defendants failed to protect him from another inmate's assault. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff merely alleges that each defendant was deliberately indifferent "by fail[ing] to exercise reasonable and ordinary care" to protect plaintiff from physical harm, conduct an adequate investigation, or take reasonable measures to prevent the attack. I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule

of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's allegation that a defendant acted negligently is not sufficient to state an actionable § 1983 claim. See Whitley v. Albers, 475 U.S. 312, 319 (1986) ("[O]bduracy and wantonness,

2

not inadvertence . . . characterize the conduct prohibited by [the Eighth Amendment]. . . ."). Plaintiff's mere recitation of the elements of an Eighth Amendment claim and reliance on labels and conclusions, which are not entitled to an assumption of truth, are not sufficient to state a claim upon which relief may be granted. Twombly, 550 U.S. at 555. Accordingly, I dismiss plaintiff's complaint without prejudice.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This _____ day of August, 2012.

Senior United States District Judge

3